**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DILORENZO,

              Plaintiff,

       v.                              Civil Action No. 1:07-cv-00144-RJL

NORTON, et al.,

              Defendants.

**MOTION FOR JUDICIAL NOTICE
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

By and through their undersigned counsel, Defendants respectfully move the Court to

take judicial notice, pursuant to Federal Rules of Evidence 201 and supporting case law, of the

following facts contained in the documents attached to the Statement of Points and Authorities:

    (1)      ePlus inc.'s ("ePlus's") Director Eric D. Hovde joined the Board of Directors on
            November 20, 2006.

    (2)      ePlus's Director Irving R. Beimler joined the Board of Directors on November 20,
            2006.

    (3)      ePlus's Certificate of Incorporation contains the following provision:

No person shall be personally liable to the Corporation or its stockholders for
monetary damages for breach of fiduciary duty as a director; <u>provided</u>, <u>however</u>,
that the foregoing shall not eliminate or limit the liability of a director (i) for any
breach of the director's duty of loyalty to the Corporation or its stockholders, (ii)
for acts or omissions not in good faith or which involve intentional misconduct or
a knowing violation of law, (iii) under Section 174 of the Delaware General
Corporation Law, or (iv) for any transaction from which the director derived an
improper personal benefit.

The foregoing facts are not subject to reasonable dispute and are set forth in ePlus's current report on Form 8-K, dated November 27, 2006, and its certificate of incorporation, which was filed with and verified by the Secretary of State for the state of Delaware.

Pursuant to Rule 7(m) of the Local Rule of the United States District Court for the District of Columbia, Defendants' counsel conferred in good faith with Plaintiff's counsel, by telephone and email, before filing this nondispositive motion. Plaintiff's counsel stated that it would not oppose this motion with respect to facts (1) and (2) above. Consequently, fact (3) above is the only remaining subject of dispute among the parties with regard to this motion.

For the reasons explained in the attached Statement of Points and Authorities, the Court should take judicial notice of these facts and consider them in ruling upon Defendants' Motion to Dismiss the Verified Shareholder Derivative Complaint.

Respectfully Submitted,

Dated: April 23, 2007

/s/ F. Joseph Warin
F. JOSEPH WARIN (DC Bar # 235978)
FWarin@gibsondunn.com
JASON J. MENDRO (DC Bar # 482040)
JMendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DILORENZO,

              Plaintiff,

        v.                            Civil Action No. 1:07-cv-00144-RJL

NORTON, et al.,

              Defendants.


**STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**


Defendants respectfully move the Court to take judicial notice of three facts that are not

subject to reasonable dispute and may be readily verified from public information:

    (1)      ePlus inc.'s ("ePlus's") Director Eric D. Hovde joined the Board of Directors on November 20, 2006.

    (2)      ePlus's Director Irving R. Beimler joined the Board of Directors on November 20, 2006.

    (3)      ePlus's Certificate of Incorporation contains the following provision:

No person shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director; provided, however, that the foregoing shall not eliminate or limit the liability of a director (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

Points (1) and (2) above are hereinafter referred to as the "Board Appointments"; point

(3) is referred to as the "Charter Provision."  As explained below, these facts are subject to

judicial notice and properly considered on a motion to dismiss.  Plaintiff's counsel has stated that it will not oppose this motion with regard to the Board Appointments.

**A.      The Court May Take Judicial Notice of Facts that Are Not Subject to Reasonable Dispute and Capable of Accurate and Ready Determination.**

Under Rule 201(b) of the Federal Rules of Evidence, the court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Taking judicial notice of such facts is "mandatory" if it is "requested by a party" and the court is "supplied with the necessary information."  *Id*. 201(d).

Courts may take judicial notice of facts "at any stage of the proceeding."  *Id*. 201(f).

**B.      The Court May Consider Facts that Are Subject to Judicial Notice on a Motion to Dismiss, Without Converting the Motion into a Motion for Summary Judgment.**

"[M]atters of public record . . . can be examined on 12(b)(6) review."  *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993); *see also Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979) ("[W]hen passing on a motion attacking the legal efficacy of the plaintiff's statement of his claim, the court may properly look beyond the complaint only to items in the record of the case or to matters of general public record." (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 at 593 (1969))).

The United States District Courts for the District of Columbia have recognized two exceptions to the ordinary rule that matters outside the pleadings cannot be considered on a motion to dismiss without converting it into a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b).  First, "where a document is referred to in the complaint and [is] central to plaintiff's

claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Savage v. Scales*, 310 F. Supp. 2d 122, 129 n.8 (D.D.C. 2004) (citing *Lipton v. MCI Worldcom, Inc*., 135 F. Supp. 2d 182, 186 (D.D.C. 2001)).  Second, when courts may take judicial notice of documents pursuant to Rule 201 of the Federal Rules of Evidence, they may "consider them on a Rule 12(b)(6) motion even though they are not included in, or attached to the complaint."  *Lipton*, 135 F. Supp. 2d at 186; *see also Savage*, 310 F. Supp. 2d at 129 n.8.

**C.    The Court Should Take Judicial Notice of the Board Appointments and ePlus's Charter Provision and Consider Them on the Defendants' Motion to Dismiss.**

**1.    The Board Appointments**

ePlus's latest Board Appointments are described in its current report attached hereto as Exhibit A.  This report was filed with the United States Securities and Exchange Commission ("SEC"), as required by its rules, on Form 8-K on November 27, 2006.  *See* Form 8-K, General Instructions § B.1 & Information to be Included in Report § 5, Item 5.02(d) (providing that the election of directors should be reported on Form 8-K).  As explained in the report, "On November 20, 2006, the Board of Directors of the Company expanded the size of the Board from six (6) to eight (8) members. . . .  Effective November 20, 2006, the Board appointed Messrs. Eric D. Hovde and Irving R. Beimler to fill the vacancies" created by the two new board positions.  Ex. A at 2.

Plaintiff's counsel has indicated that it will not oppose this motion with respect to the Board Appointments.  The Court should take judicial notice of the Board Appointments for that reason and, furthermore, because this information is part of a required SEC filing, is not subject to reasonable dispute, and its accuracy can be readily determined.  Courts throughout the country have recognized that such documents filed with the SEC may properly be considered on a

motion to dismiss.  *See, e.g., Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996)

("When deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may

consider the contents of relevant public disclosure documents which (1) are required to be filed

with the SEC, and (2) are actually filed with the SEC."); *Kramer v. Time Warner, Inc.*, 937 F.2d

767, 774 (2d Cir. 1991) ("[A] district court may take judicial notice of the contents of relevant

public disclosure documents required to be filed with the SEC as facts capable of accurate and

ready determination by resort to sources whose accuracy cannot reasonably be questioned."

(internal citations omitted)).

      Courts have applied this principle in taking judicial notice of appointments to a

company's board in cases similar to the case at bar.  For example, in *In re Computer Sciences

Corp. Derivative Litigation*, No. 06-05288 MRP, 2007 U.S. Dist. LEXIS 25414 (C.D. Cal. Mar.

26, 2007) plaintiffs alleged that directors and officers of Computer Sciences Corp. ("CSC")

colluded to backdate options granted to the company's CEO and other officers from 1996 to

2004.  *Id*. at *8.  The defendants moved to dismiss the complaint, in part, on the ground that the

plaintiffs were required but failed to make a pre-suit demand on CSC's board.  *Id*. at *4.  In

support of this motion, the defendants asked the court to take judicial notice of certain SEC

filings and the times when certain of CSC's directors joined its board or committees thereof.  *Id*.

at 23 n.5.  Citing Rule 201(b) of the Federal Rules of Evidence, the court found that documents

and facts were capable of accurate and ready determination.  *Id*.  It therefore took judicial notice

of them and considered them in granting the defendants' motion to dismiss.  *Id.*; *see also Fink v.

Weill*, No. 02 Civ. 10250, 2005 U.S. Dist. LEXIS 20659 at *20 n.9 (S.D.N.Y. Sept. 19, 2005)

("Because the composition of Citigroup's board of directors is public information not subject to

reasonable dispute, the Court takes judicial notice of the individuals elected to the 2003 board of directors.").

## 2.     The Charter Provision

ePlus's certificate of incorporation is attached hereto as Exhibit B.  This certificate contains an exculpatory provision, quoted above, that eliminates certain forms of director liability.[1]  As required by Delaware law, ePlus's certificate of incorporation was filed with Delaware's Secretary of State.  *See* 8 Del. C. § 101(a) (providing that persons and associations may "incorporate or organize a corporation under this chapter by filing with the Division of Corporations in the Department of State a certificate of incorporation").  As shown on the first page of the exhibit, Delaware's Secretary of State has formally certified that the contents of the certificate (and its amendments) are true and accurate.  Ex. B.

The Court should take judicial notice of the Charter Provision because it is not subject to reasonable dispute and because its accuracy can be readily determined both from the attached certification of the Secretary of State and by further review of that office's public records. "Indeed, district courts routinely take judicial notice of public documents such as certificates of incorporation or organization filed with the secretary of state."  *Shurkin v. Golden State Vintners, Inc.*, No. C 04-3434 MJJ, 2005 U.S. Dist. LEXIS 39301, at *19 (N.D. Cal. Apr. 10, 2005).  For

---

[1] Exhibit B includes certified copies of ePlus's original Certificate of Incorporation and later amendments thereto.  The exculpatory provision that is the subject of this motion appears on page three, in the paragraph entitled "Ninth," of the original Certificate of Incorporation, which was filed with Delaware's Secretary of State on August 27, 1996.  At that time, ePlus operated under its previous name:  MLC Holdings, Inc.  On October 19, 1999, MLC Holdings, Inc. amended the Certificate of Incorporation to change the company's name to "ePlus, Inc."  (Two days later, the company filed a certificate of correction clarifying that its name should not contain a comma; thus, its correct name is "ePlus Inc.")

example, in *Alberts v. Tuft (In re Greater Southeast Community Hospital Corp.)*, 333 B.R. 506, 527 n.25 (Bankr. D.D.C. 2005), the court held that it could take judicial notice of the company's articles of incorporation in the context of a motion to dismiss under Rule 12(b)(6). On this basis, the court determined that the certificate of incorporation's limitation of liability clause insulated directors "from personal liability except for (I) any breach of the director's duty of loyalty to the corporation or its stockholders, [or] (ii) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law" so that the plaintiff's gross negligence and waste claims against the directors were barred. *Id*. at 527-28 ("These are exactly the types of claims that the immunity clause was designed to prevent.").[2]

**D.  Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the Board Appointments and ePlus's Charter Provision.

---

[2] *See also In re Baxter Int'l, Inc. S'holders Litig*., 654 A.2d 1268, 1270 (Del. Ch. 1995) ("The court may take judicial notice of the certificate in deciding a motion to dismiss."); *In re Wheelabrator Techs., Inc. S'holders Litig.*, C.A. No. 11495, 1992 Del. Ch. LEXIS 196, at *39 (Del. Ch. Sept. 1, 1992); *In re Merck & Co., Inc.*, MDL No. 1658 (SRC), 2006 WL 1228595, at *14 n.6 (D.N.J. May 5, 2006); *Kanter v. Barella*, 388 F. Supp. 2d 474, 479 n.9 (D. N.J. 2005); *In re Taser Int'l S'holder Derivative Litig*., No. CV-05-123-PHX-SRB, 2006 U.S. Dist. LEXIS 11554, at *22 (D. Ariz. Mar. 17, 2006) (not for publication); *In re Sagent Tech., Inc. Derivative Litig.*, 278 F. Supp. 2d 1079, 1095 n.9 (N.D. Cal. 2003) (holding that it was not improper for the court "to consider the effect of a § 102(b)(7) exculpatory provision on a 12(b)(6) motion to dismiss.").

Respectfully Submitted,

Dated: April 23, 2007

/s/ F. Joseph Warin
F. JOSEPH WARIN (DC Bar # 235978)
FWarin@gibsondunn.com
JASON J. MENDRO (DC Bar # 482040)
JMendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

A copy of Defendants' *Motion for Judicial Notice in Support of Motion to Dismiss* and its supporting *Statement of Points and Authorities* was filed electronically this 23rd day of April 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jason J. Mendro

Jason J. Mendro (DC Bar # 482040)



# EPLUS INC (PLUS)

13595 DULLES TECHNOLOGY DRIVE
HERNDON, VA 20171–3413
703. 984.8400
http://www.eplus.com

# 8–K

**FORM 8–K**
**Filed on 11/27/2006 – Period: 11/20/2006**
File Number 000–28926



*United States*
**SECURITIES AND EXCHANGE COMMISSION**
*Washington, D.C. 20549*

# FORM 8−K

# CURRENT REPORT

Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported):  November 27, 2006 (November 20, 2006)

# ePlus inc.

(Exact name of registrant as specified in its charter)

| *Delaware* | *000−28926* | *54−1817218* |
|---|---|---|
| *(State or other jurisdiction of incorporation or organization)* | *(Commission File Number)* | *(I.R.S. Employer Identification No.)* |

13595 Dulles Technology Drive, Herndon, VA 20171−3413
(Address, including zip code, of principal executive offices)

Registrant's telephone number, including area code: (703) 984−8400

Check the appropriate box below if the Form 8−K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2 below):

[  ]  Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[  ]  Soliciting material pursuant to Rule 14a−12 under the Exchange Act (17 CFR 240.14a−12)

[  ]  Pre−commencement communications pursuant to Rule 14d−2(b) under the Exchange Act (17 CFR 240.14d−2(b))

[  ]  Pre−commencement communications pursuant to Rule 13e−4(c) under the Exchange Act (17 CFR 240.13e−4(c))

1

Item 5.02 Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers

(d) On August 16, 2006, the Chief Executive Officer of ePlus inc. (the "Company") received a letter from Hovde Capital Advisors requesting the Board to expand by two members and appoint two persons nominated by Hovde Capital. Members of the Board's Nominating and Corporate Governance Committee met with representatives of Hovde Capital with regard to its request.  On November 20, 2006, the Board of Directors of the Company expanded the size of the Board from six (6) to eight (8) members.  Classes I and II of the Board were both expanded from two (2) to three (3) members.  Effective November 20, 2006, the Board appointed Messrs. Eric D. Hovde and Irving R. Beimler to fill the vacancies in Class I and Class II, respectively, and has determined that both are independent directors within the meaning of the Nasdaq Marketplace Rules.  The two new directors will receive an annual compensation of $35,000 in cash and $35,000 in restricted stock,  which is the same as the compensation of the current outside directors, with a pro–rata adjustment for their initial partial–year service on the Board.  The Board has not yet determined to which committees Messrs. Hovde and Beimler will be appointed.

The foregoing description is qualified in entirety by reference to the press release dated November 21, 2006, a copy of which is included with this Current Report on Form 8–K as Exhibit 99.1, and incorporated by reference.

Item 5.03 Amendments to Articles of Incorporation or Bylaws; Change in Fiscal Year

(a) On November 20, 2006, the Board amended Section 3.2 of the Company's bylaws to increase the size of the Board from six (6) to eight (8) members.  In accordance with Section 3.5 of the Company's bylaws, Classes I and II of the Board were expanded from two (2) to three (3) members.

The foregoing description is qualified in entirety by reference to the amendment to the bylaws, a copy of which is included with this Current Report on Form 8–K as Exhibit 3.2, and incorporated by reference.

Item 9.01 Financial Statements and Exhibits

(d) The following exhibit is included with this Report:

Exhibit 3.2                             Amendment to the Registrant's bylaws dated November 20, 2006.

Exhibit 99.1                           Press Release dated November 21, 2006 issued by ePlus inc.

2

SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

ePlus inc.

By: /s/ Steven J. Mencarini

Steven J. Mencarini
Chief Financial Officer

Date: November 27, 2006

3



# EPLUS INC (PLUS)

13595 DULLES TECHNOLOGY DRIVE
HERNDON, VA 20171–3413
703. 984.8400
http://www.eplus.com

# EX–3.2

**EXHIBIT 3.2**
**8–K Filed on 11/27/2006 – Period: 11/20/2006**
File Number 000–28926



**LIVEDGAR**[®] Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

**AMENDMENT TO BYLAWS**

*Dated as of November 20, 2006*

Section 3.2 of the Bylaws is amended to read as follows:

"Until this Section 3.2 is amended by a resolution duly adopted by the Board or by the stockholders of the Corporation, the number of directors constituting the entire Board shall be eight (8) members."



# EPLUS INC (PLUS)

13595 DULLES TECHNOLOGY DRIVE
HERNDON, VA 20171–3413
703. 984.8400
http://www.eplus.com

# EX–99.1

**EXHIBIT 99.1**
**8–K Filed on 11/27/2006 – Period: 11/20/2006**
File Number 000–28926



### *ePlus Expands Board with Two Independent Directors*

**HERNDON, VA – November 21, 2006** – *e*Plus inc. (Nasdaq NGM: <u>PLUS</u> – <u>news</u>), today announced that its Board of Directors has amended its bylaws to expand the number of directors from six to eight. It then appointed two new independent directors, Eric D. Hovde and Irving R. Beimler, each of whom are affiliated with Hovde Capital Advisors LLC, to fill the newly created vacancies. The Board has determined that both Mr. Hovde and Mr. Beimler are independent within the meaning of Nasdaq rules. The *e*Plus Board of Directors now consists of eight board members, six of whom are independent.

Hovde Capital and its affiliates beneficially own approximately 15% of *e*Plus' common stock. Phillip G. Norton, chairman, president, and CEO of *e*Plus stated, "Eric Hovde has been a long term investor and supporter of *e*Plus, and we are pleased to have the Hovde executives join the Board to help us make *e*Plus more successful for its customers, employees, and investors."

Eric D. Hovde, Chief Executive Officer of Hovde Capital Advisors LLC, stated, "I am pleased to be joining the Board of *e*Plus at this time and expect to work in a positive manner with management and the other Board members to enhance value for all shareholders."

Hovde Capital Advisors LLC is the investment manager to the Financial Institution Partners hedge funds, a series of long/short hedge funds with a focus exclusively on the financial services sector. As Portfolio Manager for each of the Financial Institution Partners funds, Mr. Hovde is responsible for the investment strategy and day–to–day oversight of the portfolio investments managed by Hovde Capital. In this capacity, Mr. Hovde provides the investment team with strategic direction and guidance in their investment decisions.

As Chief Investment Officer of Hovde Private Equity Advisors LLC, Mr. Hovde, along with the portfolio manager, directs the company's investment process and provides oversight to portfolio companies for the firm's private equity fund, Financial Services Partners Fund I. Prior to the formation of the private equity fund, Mr. Hovde led the firm's affiliated merchant banking activities, using the firm's proprietary capital to acquire numerous controlling interests in banks, thrifts and other nonbank financial services companies. Mr. Hovde has also served as a director on numerous bank and thrift boards and currently serves as the Chairman of Sunwest Bank in Orange County, California.

As Chairman and a founder of Hovde Financial, Mr. Hovde established this business and developed it into a top tier investment bank in the bank and thrift industry. Prior to forming Hovde Financial in 1987, Mr. Hovde was involved in mergers and acquisitions on behalf of a regional investment banking firm that specialized in mutual thrift conversions and mergers and acquisitions.

Mr. Irving R. Beimler is Portfolio Manager of Hovde Private Equity Advisors LLC, and is responsible for sourcing and implementing private placements for Hovde's Private Equity and merchant banking funds. Specific areas of concentration are the banking, thrift, leasing and specialty finance sectors. Mr. Beimler also oversees the investment funds' on–sight due diligence efforts and is actively involved in overseeing and managing Hovde Acquisition's private equity investments.

Prior to joining the Hovde organization in 1997, Mr. Beimler served in numerous senior managerial roles during his 25–year banking career. Positions have included Executive Vice President and Chief Credit Officer for Fleet Bank of New York, a $10 billion commercial bank, and Riggs National Corporation, a $6 billion commercial bank in Washington, D.C.

#### *About ePlus:*

*e*Plus is a leading provider of Enterprise Cost Management solutions to information technology, finance, procurement, operations, and supply chain professionals who want to reduce the costs of finding, purchasing, managing, and financing information technology goods and services. Our Enterprise Cost Management solutions provide sourcing, procurement, spend analytics, supplier management, document collaboration, asset management, professional services, and leasing to *e*Plus' 2,000+ customers. The company was founded in 1990 and is headquartered in Herndon, VA with more than 30 locations in the U.S. For more information, visit <u>www.eplus.com</u>, call 888–482–1122 or email <u>info@eplus.com.</u>

*e*Plus® and *e*Plus Enterprise Cost Management®, and/or other *e*Plus products referenced herein are either registered trademarks or trademarks of *e*Plus inc. in the United States and/or other countries.

All information set forth in this release is as of November 21, 2006. *e*Plus inc. undertakes no duty to update this information. More information about potential factors that could affect *e*Plus inc.'s business and financial results is included in the Company's Annual Report on Form 10–K for the fiscal years ended March 31, 2005 and March 31, 2004, the Quarterly Report on Form 10–Q for the quarters ended June 30, 2005, September 30, 2005, and December 31, 2005 under the captions "Risk Factors" and "Management's Discussion and Analysis of Financial Condition and Results of Operations," which are on file with the SEC and available at the SEC's website at <u>http://www.sec.gov/.</u>

Contact:                           Kley Parkhurst, SVP
                                   *e*Plus inc.
                                   <u>kparkhurst@eplus.com</u>
                                   703–984–8150

# *Delaware*

PAGE 1

### *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "EPLUS INC." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF INCORPORATION, FILED THE TWENTY-SEVENTH DAY OF AUGUST, A.D. 1996, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, FILED THE THIRTIETH DAY OF SEPTEMBER, A.D. 1997, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "MLC HOLDINGS, INC." TO "EPLUS, INC.", FILED THE NINETEENTH DAY OF OCTOBER, A.D. 1999, AT 9 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF AMENDMENT IS THE TWENTY-FIRST DAY OF OCTOBER, A.D. 1999.

CERTIFICATE OF CORRECTION, CHANGING ITS NAME FROM "EPLUS, INC." TO "EPLUS INC.", FILED THE TWENTY-FIRST DAY OF OCTOBER, A.D. 1999, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, FILED THE TWENTY-THIRD DAY OF MAY, A.D. 2002, AT 9:30 O'CLOCK A.M.



Harriet Smith Windsor
_____
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5529419

DATE: 03-22-07

2654818  8100H

070348839

# Delaware

PAGE 2

## The First State

CERTIFICATE OF CORRECTION, FILED THE THIRTEENTH DAY OF FEBRUARY, A.D. 2003, AT 1:08 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, FILED THE SIXTH DAY OF OCTOBER, A.D. 2003, AT 12:04 O'CLOCK P.M.

CERTIFICATE OF CHANGE OF REGISTERED AGENT, FILED THE TWENTY-FIFTH DAY OF JANUARY, A.D. 2005, AT 2:49 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION, "EPLUS INC.".



2654818    8100H

070348839

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5529419

DATE: 03-22-07

**CERTIFICATE OF INCORPORATION**
**OF**
**MLC HOLDINGS, INC.**

The undersigned, a natural person, for the purpose of organizing MLC Holdings, Inc. (the "Corporation") for conducting the business and promoting the purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the State of Delaware (particularly Chapter 1, Title 8 of the Delaware Code, as amended, and referred to as the "Delaware General Corporation Law"), hereby certifies that:

**FIRST**

The name of the Corporation is:

MLC HOLDINGS, INC.

**SECOND**

The address of the registered office of the Corporation in the State of Delaware is 1013 Centre Road, City of Wilmington, County of New Castle, and the name of the Corporation's registered agent in the State of Delaware is Corporation Service Company.

**THIRD**

The purpose of the Corporation is to engage in any lawful act or activity for which Corporations may be organized under the Delaware General Corporation Law.

**FOURTH**

The total number of shares of all classes of stock which the Corporation shall have authority to issue is twelve million (12,000,000) shares consisting of ten million (10,000,000) shares of common stock having a par value of $.01 per share (the "Common Stock") and two million (2,000,000) shares of preferred stock having a par value of $.01 per share (the "Preferred Stock").

The Board of Directors of the Corporation is authorized, subject to limitations prescribed by law, to provide by resolution or resolutions for the issuance of shares of the Preferred Stock as a class or in series, and, by filing a certificate of designations, pursuant to the Delaware General Corporation Law, setting forth a copy of such resolution or resolutions to establish from time to time the number of shares to be included in each such series and to fix the designation, powers, preferences and rights of the shares of the class or of each such series and the qualifications, limitations, and restrictions thereof.  The authority of the Board of Directors

1 of 5

with respect to the class or each series shall include, but not
be limited to, determination of the following:

a)    the number of shares constituting any series and the
distinctive designation of that series;

b)    the dividend rate of the shares of the class or of any
series, whether dividends shall be cumulative, and if so, from
which date or dates, and the relative rights of priority, if any
of payment of dividends on shares of the class or of that series;

c)    whether the class or any series shall have voting
rights, in addition to the voting rights provided by law, and if
so, the terms of such voting rights;

d)    whether the class or any series shall have conversion
privileges and, if so, the terms and conditions of conversion,
including provision for adjustment of the conversion rate in such
events as the Board of Directors shall determine;

e)    whether or not the shares of the class or of any series
shall be redeemable, and, if so, the terms and conditions of such
redemption, including the date or date upon or after which they
shall be redeemable and the amount per share payable in case of
redemption, which amount may vary under different conditions and
at different redemption dates;

f)    whether the class or any series shall have a sinking
fund for the redemption or purchase of shares of the class or of
that series, and if so, the terms and amount of such sinking
fund;

g)    the rights of the shares of the class or of any series
in the event of voluntary or involuntary dissolution or winding
up of the Corporation, and the relative rights of priority, if
any, of payment of shares of the class or of that series; and

h)    any other powers, preferences, rights, qualifications,
limitations and restrictions of the class or of that series.

All rights accruing to the outstanding shares of the
Corporation not expressly provided for to the contrary herein or
in any certificate of designation shall be vested exclusively in
the Common Stock.

### FIFTH

The name and mailing address of the Incorporator are as follows:

Benton Burroughs, Jr.
Hazel & Thomas, P.C.
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia  22042

### SIXTH

The Incorporator shall appoint the initial directors of the Corporation after filing of this Certificate of Incorporation. The terms of the initial directors shall be determined by the Incorporator and thereafter by the Board of Directors, with one class designated as elected for a one year term, the second class designated as elected for a two year term and the third class designated as elected for a three year term.  At the first annual meeting of stockholders of the Corporation, and at each subsequent annual meeting, the successors of the class of directors whose term expires at that meeting shall be elected to hold office for a term expiring at the annual meeting of stockholders held in the third year following the year of their election.

### SEVENTH

The Corporation is to have perpetual existence.

### EIGHTH

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors of the Corporation is expressly authorized to make, alter, or repeal the Bylaws of the Corporation.

### NINTH

No person shall be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director; provided, however, that the foregoing shall not eliminate or limit the liability of a director (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

3 of 5

## TENTH

The Corporation shall indemnify, in the manner and to the fullest extent permitted by the Delaware General Corporation Law (and in the case of any amendment thereto, to the extent that such amendment permits the Corporation to provide broader indemnification rights than permitted prior thereto), any person (or the estate of any person) who is or was a party to, or is threatened to be made a party to, any threatened, pending or completed action, suit or proceeding, whether or not by or in the right of the Corporation, and whether civil, criminal, administrative, investigative or otherwise, by reason of the fact that such person is or was a director or officer of the Corporation, or is or was serving at the request of the Corporation as a director or officer of another corporation, partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan.   The Corporation may, to the fullest extent permitted by the Delaware General Corporation Law, purchase and maintain insurance on behalf of any such person against any liability which may be asserted against such person.   To the fullest extent permitted by the Delaware General Corporation Law, the indemnification provided herein may include expenses (including attorneys' fees), judgments, fines and amounts paid in settlement and any such expenses may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of the person seeking indemnification to repay such amounts if it is ultimately determined that he or she is not entitled to be indemnified.   The indemnification provided herein shall not be deemed to limit the right of the Corporation to indemnify any other person for any such expenses to the fullest extent permitted by the Delaware General Corporation Law, nor shall it be deemed exclusive of any other rights to which any person seeking indemnification from the Corporation may be entitled under any agreement, the Corporation's Bylaws, vote of stockholders or disinterested directors, or otherwise, both as to action in such person's official capacity and as to action in another capacity while holding such office.   The Corporation may, but only to the extent that the Board of Directors may (but shall not be obligated to) authorize from time to time, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article Tenth as they apply to the indemnification and advancement of expenses of directors and officers of the Corporation.

4 of 5

## ELEVENTH

From time to time any of the provisions of this Certificate of Incorporation may be amended, altered, or repealed, and other provisions authorized by the laws of the State of Delaware at the time in force may be added or inserted in the manner and at the time prescribed by said laws, and all rights at any time conferred upon the stockholders of the Corporation by this Certificate of Incorporation are granted subject to the provisions of this Article Eleventh.

The effective date of this Certificate of Incorporation, and the date upon which the existence of the Corporation shall commence, shall be the date upon which the Secretary of State of the State of Delaware endorses the word "Filed" on the Certificate.

I, the undersigned, being the Incorporator of the above mentioned Corporation, do make this Certificate of Incorporation, hereby declaring and certifying that this is my act and the facts stated herein are true, and accordingly have hereunto set my hand upon this 27th day of August, 1996.

Benton Burroughs, Jr.,
Incorporator

CERTIFICATE OF AMENDMENT
OF CERTIFICATE OF INCORPORATION OF
MLC HOLDINGS, INC.

Pursuant to Section 242 of the Delaware General Corporation Law, MLC Holdings, Inc., a Delaware corporation (the "Corporation"), hereby certifies as follows:

1.    The Corporation's name is "MLC Holdings, Inc."·

2.    The Corporation's certificate of incorporation hereby is amended by striking out existing Article "FOURTH" thereof and replacing it with the following new Article "FOURTH":

"FOURTH

The total number of shares of all classes of stock which the Corporation shall have authority to issue is twenty-seven million(27,000,000) shares consisting of twenty-five million (25,000,000) shares of common stock having a par value of $.01 per share (the "Common Stock") and two million (2,000,000) shares of preferred stock having a par value of $.01 per share (the "Preferred Stock").

The Board of Directors of the Corporation is authorized, subject to limitations prescribed by law, to provide by resolution or resolutions for the issuance of shares of the Preferred Stock as a class or in series, and, by filing a certificate of designations, pursuant to the Delaware General Corporation Law, setting forth a copy of such resolution or resolutions to establish from time to time the number of shares to be included in each such series and to fix the designation, powers, preferences and rights of the shares of the class or of each such series and the qualifications, limitations, and restrictions thereof.  The authority of the Board of Directors with respect to the class or each series shall include, but not be limited to, determination of the following:

1

a) the number of shares constituting any series and the distinctive designation of that series;

b) the dividend rate of the shares of the class or of any series, whether dividends shall be cumulative, and if so, from which date or dates, and the relative rights of priority, if any of payment of dividends on shares of the class or of that series;

c) whether the class or any series shall have voting rights, in addition to the voting rights provided by law, and if so, the terms of such voting rights;

d) whether the class or any series shall have conversion privileges and, if so, the terms and conditions of conversion, including provision for adjustment of the conversion rate in such events as the Board of Directors shall determine;

e) whether or not the shares of the class or of any series shall be redeemable, and, if so, the terms and conditions of such redemption, including the date or date upon or after which they shall be redeemable and the amount per share payable in case of redemption, which amount may vary under different conditions and at different redemption dates;

f) whether the class or any series shall have a sinking fund for the redemption or purchase of shares of the class or of that series, and if so, the terms and amount of such sinking fund;

g) the rights of the shares of the class or of any series in the event of voluntary or involuntary dissolution or winding up of the Corporation, and the relative rights of priority, if any, of payment of shares of the class or of that series; and

h) any other powers, preferences, rights, qualifications, limitations and restrictions of the class or of that series.

2

All rights accruing to the outstanding shares of
the Corporation not expressly provided for to the
contrary herein or in any certificate of designation
shall be vested exclusively in the Common Stock."

3.    The foregoing amendment was duly adopted in accordance
with Section 242 of the Delaware Corporation Law, by resolution
of the Corporation's board of directors setting forth said
amendment and declaring its advisability, and by the vote in
favor of said amendment of a majority of the Corporation's
stockholders entitled to vote at the Corporation's annual meeting
of its stockholders.

DATED: September 30 , 1997    MLC HOLDINGS, INC.

By: _____

Kleyton L. Parkhurst,
Secretary

I:\DATA\CLIENT\17\17488\97ANNUAL.MTG\CRTAMEND.WPD
9/29/97 03:28

3

## CERTIFICATE OF AMENDMENT
## OF
## CERTIFICATE OF INCORPORATION

MLC Holdings, Inc., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware,

DOES HEREBY CERTIFY:

FIRST: That at a meeting of the Board of Directors of MLC Holdings, Inc., resolutions were duly adopted setting forth a proposed amendment of the Certificate of Incorporation of said corporation, declaring said amendment to be advisable and directing that the proposed amendment be considered at the next annual meeting of the stockholders of said corporation. The resolution setting forth the proposed amendment is as follows:

RESOLVED, that the Certificate of Incorporation of this corporation be amended by changing the Article thereof numbered "First" so that, as amended said Article shall read as follows:

"The name of the Corporation is ePlus, Inc."

SECOND: That thereafter, the annual meeting of the stockholders of said corporation was duly called and held on September 13, 1999, upon notice in accordance with Section 222 of the General Corporation law of the state of Delaware at which meeting the necessary number of shares as required by statute were voted in favor of the amendment.

THIRD: That said amendment was duly adopted in accordance with the provisions of Section 242 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, MLC Holdings, Inc. has caused this certificate to be signed by Phillip G. Norton, its authorized officer, this eighteenth day of October 1999.

By: _Phillip G. Norton_

Title: President

64-232jft/sak10-18/64-232ce.amc

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 10/19/1999
991442522 – 2654818

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 10/21/1999
991449595 – 2654818

# STATE OF DELAWARE
## CERTIFICATE OF CORRECTION
### FILED TO CORRECT
#### A CERTAIN ERROR IN THE CERTIFICATE OF
Amendment _____ OF Certificate of Incorporation
### FILED IN THE OFFICE OF THE SECRETARY OF STATE
### OF DELAWARE ON ___October 19, 1999___

___ePlus, Inc._____, a corporation organized and existing
under and by virtue of the General Corporation Law of the State of Delaware,

DOES HEREBY CERTIFY:

1. The name of the corporation is____ePlus, Inc._____

2. That a Certificate of ___Amendment of Certificate of Incorporation___
   (Title of Certificate Being Corrected)
   was filed by the Secretary of State of Delaware on___October 19, 1999___,
   and that said Certificate requires correction as permitted by Section 103 of the
   General Corporation Law of the State of Delaware.

3. The inaccuracy or defect of said Certificate to be corrected is as follows:
   __a comma was inadvertently inserted in the____
   _corporate name ePlus, Inc.___
   (Make a general statement as to the inaccuracy or defect)

4. Article ___First_____ of the Certificate is corrected to read as
   follows:
   "The name of the Corporation is ePlus Inc."

5. Article _____ of the Certificate is hereby eliminated.
   or

6. The execution, sealing or acknowledgment of the Certificate is corrected as
   follows:

**IN WITNESS WHEREOF,** said ___corporation_____ has caused this
Certificate to be signed by ___Phillip G. Norton___, an authorized
officer, this _twentyfirst_____day of _October_____, 19_99_.

By: ___Phillip G. Norton___
Authorized Officer

Name:___Phillip G. Norton___
Print or Type
Title:_President_____

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:30 AM 05/23/2002
020360194 - 2654818

# STATE *of* DELAWARE
## CERTIFICATE *of* AMENDMENT *of*
## CERTIFICATE *of* INCORPORATION

- **First:** That at a meeting of the Board of Directors of

  _____ ePlus inc. _____

  resolutions were duly adopted setting forth a proposed amendment of the
  Certificate of Incorporation of said corporation, declaring said amendment to be
  advisable and calling a meeting of the stockholders of said corporation for
  consideration thereof. The resolution setting forth the proposed amendment is as
  follows:

  **Resolved,** that the Certificate of Incorporation of this corporation be amended by
  changing the Article thereof numbered " FOURTH " so that, as amended, said
  Article shall be and read as follows:

  " The total number of shares of all classes of stock which the Corporation shall
  have authority to issue is fifty-two million (52,000,000) shares consisting of fifty
  million (50,000,000) shares of common stock having a par value of $ .01 per
  share (the "Common stock") and two million (2,000,000) shares of preferred
  stock having a par value of $ .01 per share (the "Preferred Stock")."

- **Second:** That thereafter, pursuant to resolution of its Board of Directors, a
  special meeting of the stockholders of said corporation was duly called and held,
  upon notice in accordance with Section 222 of the General Corporation Law of
  the State of Delaware at which meeting the necessary number of shares as
  required by statue were voted in favor of the amendment.

- **Third:** That said amendment was duly adopted in accordance with the provisions
  of Section 242 of the General Corporation Law of the State of Delaware.

- **Fourth:** That the capital of said corporation shall not be reduced under or by
  reason of said amendment.

  **IN WITNESS WHEREOF,** said ____ Eplus, Inc. ____ has caused this

  certificate to be signed by _Kleyton Parkhurst_ , an Authorized Officer, this

  _17th_ day of _May_ , _2002_ .

  BY: _____
                                    (Authorized Officer)

  NAME: _Kleyton Parkhurst_
  **Senior Vice- President**    (Type or Print)

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 01:08 PM 02/13/2003
030095945 - 2654818

# CERTIFICATE OF CORRECTION
# FOR
# EPLUS INC.

Pursuant to Section 103(f) of the Delaware General Corporation Law ("D.G.C.L."), this Certificate of Correction is filed with the Secretary of State of the State of Delaware to correct a certain error in the Certificate of Amendment of Certificate of Incorporation filed with the Secretary of State of the State of Delaware on May 23, 2002 (the "Amendment").

ePlus Inc., a corporation organized and existing under and by virtue of the D.G.C.L. ("ePlus"), hereby certifies that:

## FIRST

The Amendment was inaccurate in stating "Resolved, that the Certificate of Incorporation of this corporation be amended by changing the Article thereof numbered "FOURTH" so that, as amended, said Article shall be and read as follows:

'The total number of shares of all classes of stock which the Corporation shall have authority to issue is fifty-two million (52,000,000) shares consisting of fifty million (50,000,000) shares of common stock having a par value of $.01 per share (the "Common stock") and two million (2,000,000) shares of preferred stock having a par value of $.01 per share (the "Preferred Stock").'"

## SECOND

The previous section of the Amendment should be replaced with the following:

"Resolved that the Certificate of Incorporation of this corporation be amended by changing the Article thereof numbered "FOURTH" so that, as amended, said Article shall be and read as follows:

'The total number of shares of all classes of stock which the Corporation shall have authority to issue is fifty-two million (52,000,000) shares consisting of fifty million (50,000,000) shares of common stock having a par value of $.01 per share (the "Common Stock") and two million (2,000,000) shares of preferred stock having a par value of $.01 per share (the "Preferred Stock").

The Board of Directors of the Corporation is authorized, subject to limitations prescribed by law, to provide by resolution or resolutions for the issuance of shares of the Preferred Stock as a class or in series, and, by filing a certificate of designations,

pursuant to the Delaware General Corporation Law, setting forth a copy of such resolution or resolutions to establish from time to time the number of shares to be included in each such series and to fix the designation, powers, preferences and rights of the shares of the class or of each such series and the qualifications, limitations, and restrictions thereof. The authority of the Board of Directors with respect to the class or each series shall include, but not be limited to, determination of the following:

a)    the number of shares constituting any series and the distinctive designation of that series;

b)    the dividend rate of the shares of the class or of any series, whether dividends shall be cumulative, and if so, from which date or dates, and the relative rights of priority, if any of payment of dividends on shares of the class or of that series;

c)    whether the class or any series shall have voting rights, in addition to the voting rights provided by law, and if so, the terms of such voting rights;

d)    whether the class or any series shall have conversion privileges and, if so, the terms and conditions of conversion, including provision for adjustment of the conversion rate in such events as the Board of Directors shall determine;

e)    whether or not the shares of the class or of any series shall be redeemable, and, if so, the terms and conditions of such redemption, including the date or dates upon or after which they shall be redeemable and the amount per share payable in case of redemption, which amount may vary under different conditions and at different redemption dates;

f)    whether the class or any series shall have a sinking fund for the redemption or purchase of shares of the class or of that series, and if so, the terms and amount of such sinking fund;

g)    the rights of the shares of the class or of any series in the event of voluntary or involuntary dissolution or winding up of the Corporation, and the relative rights of priority, if any, of payment of shares of the class or of that series; and

h)    any other powers, preferences, rights, qualifications, limitations and restrictions of the class or of that series.

WDC01/110354v1

All rights accruing to the outstanding shares of the Corporation not expressly provided for to the contrary herein or in any certificate of designation shall be vested exclusively in the Common Stock.'"

### THIRD

The Amendment was inaccurate in stating that "a special meeting of the stockholders of said corporation was duly called and held," in Article Second.

### FOURTH

Article Second is hereby corrected and should be replaced with the following such that Article Second will now read in its entirety:

"That thereafter, pursuant to resolution of its Board of Directors, an annual meeting of the stockholders of said corporation was duly called and held, upon notice in accordance with Section 222 of the General Corporation Law of the State of Delaware at which meeting the necessary number of shares as required by statute were voted in favor of the amendment."

- 3 -

IN WITNESS WHEREOF, said ePlus has caused this Certificate to be signed by Erica S. Stoecker, an authorized officer, this thirteenth day of February 2003.

By: _____

Name: Erica S. Stoecker

Title:   General Counsel & Secretary

- 4 -

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:04 PM 10/06/2003
FILED 12:04 PM 10/06/2003
SRV 030641260 - 2654818 FILE

# CERTIFICATE OF AMENDMENT
## OF
## CERTIFICATE OF INCORPORATION
## OF
## EPLUS INC.

ePlus Inc., (the "Corporation") a corporation organized and existing under the General Corporation Law of the State of Delaware (the "DGCL"), does hereby certify as follows:

FIRST:  That by unanimous written consent, dated July 15, 2003, the Board of Directors of the Corporation adopted resolutions setting forth a proposed amendment of the Certificate of Incorporation of the Corporation, declaring said amendment to be advisable and calling a meeting of the stockholders of the Corporation for consideration thereof.  The resolution setting forth the proposed amendment is as follows:

"**NOW, THEREFORE, BE IT RESOLVED,** that the Board of Directors hereby declares advisable and approves the following amendment to the Company's certificate of incorporation (the "Certificate Amendment") and directs that the necessary steps be taken to submit the Certificate Amendment for consideration of the stockholders at the Annual Meeting and recommends that the stockholders vote in favor of the Certificate Amendment at the Annual Meeting:

The Corporation's certificate of incorporation hereby is amended by deleting existing Article "FOURTH" of the certificate of incorporation in its entirety and replacing it with the following language:

"FOURTH"

The total number of shares of all classes of stock which the Corporation shall have authority to issue is 27 million (27,000,000) shares consisting of 25 million (25,000,000) shares of common stock having a par value of $0.01 per share (the "Common Stock") and 2 million (2,000,000) shares of preferred stock having a par value of $0.01 per share (the "Preferred Stock").

The Board of Directors of the Corporation is authorized, subject to limitations prescribed by law, to provide by resolution or resolutions for the issuance of shares of the Preferred Stock as a class or in series, and, by filing a certificate of designations, pursuant to the Delaware General Corporation Law, setting forth a copy of such resolution or resolutions to establish from time to time the number of shares to be included in each such series and to fix the designation, powers, preferences and rights of the shares of the class or of each such series and the qualifications, limitations, and restrictions thereof.  The authority of the Board of Directors with respect to the class or each series shall include, but not be limited to, determination of the following:

    (a)    the number of shares constituting any series and the distinctive designation of that series;

    (b)    the dividend rate of the shares of the class or of any series, whether dividends shall be cumulative, and if so, from which date or dates, and the relative rights of priority, if any of payment of dividends on shares of the class or of that series;

    (c)    whether the class or any series shall have voting rights, in addition to the voting rights provided by law, and if so, the terms of such voting rights;

    (d)    whether the class or any series shall have conversion privileges and, if so, the terms and conditions of conversion, including provision for adjustment of the conversion rate in such events as the Board of Directors shall determine;

    (e)    whether or not the shares of the class or of any series shall be redeemable, and, if so, the terms and conditions of such redemption, including the date or dates upon or after which they shall be redeemable and the amount per share payable in case of redemption, which amount may vary under different conditions and at different redemption dates;

    (f)    whether the class or any series shall have a sinking fund for the redemption or purchase of shares of the class or of that series, and if so, the terms and amount of such sinking fund;

    (g)    the rights of the shares of the class or of any series in the event of voluntary or involuntary dissolution or winding up of the Corporation, and the relative rights of priority, if any, of payment of shares of the class or of that series; and

    (h)    any other powers, preferences, rights, qualifications, limitations and restrictions of the class or of that series.

All rights accruing to the outstanding shares of the Corporation not expressly provided for to the contrary herein or in any certificate of designation shall be vested exclusively in the Common Stock."

SECOND: That thereafter, pursuant to resolution of the Corporation's Board of Directors, an annual meeting of the Corporation was duly called and held upon notice in accordance with Section 222 of the DGCL at which meeting the necessary number of shares as required by statute were voted in favor of the amendment.

THIRD: That the aforesaid amendment to the Certificate of Incorporation of the Corporation was duly adopted in accordance with the provisions of Section 242 of the DGCL.

FOURTH: That said amendment is to become effective upon the filing of this Certificate of Amendment.

IN WITNESS WHEREOF, ePlus Inc. has caused this certificate to be signed by
:s authorized officer, this _1ˢᵗ_ day of October, 2003.

EPLUS INC.


By: _Erin S Stoecker_
Name: _Erin S Storch_
Title: _Secretary_

# CERTIFICATE OF CHANGE OF REGISTERED AGENT
## AND
### REGISTERED OFFICE
### Of ePlus inc.

* * * * *

ePlus inc., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware

## DOES HEREBY CERTIFY:

That the registered office of the corporation in the state of Delaware is hereby changed to Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle.

That the registered agent of the corporation is hereby changed to THE CORPORATION TRUST COMPANY, the business address of which is identical to the aforementioned registered office as changed.

That the changes in the registered office and registered agent of the corporation as set forth herein were duly authorized by resolution of the Board of Directors of the corporation.

IN WITNESS WHEREOF, the corporation has caused this Certificate to be signed by an authorized officer, this 25 th day of January, 2005.

/s/ Anusha Putty
Anusha Putty, Attorney-in-fact
for Erica Stoecker, Secretary

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:55 PM 01/25/2005
FILED 02:49 PM 01/25/2005
SRV 050060673 - 2654818 FILE

## POWER OF ATTORNEY

**NOTICE IS HEREBY GIVEN THAT** Erica Stoecker, Secretary and General Counsel of ePlus, Inc. (the "Corporation"), a corporation incorporated under the laws of Delaware, and of the subsidiary entities shown on the list appended hereto does hereby appoint Anusha Putty and Judith Argao as attorney-in-fact for the Corporation and for the subsidiary entities to act for the Corporation and for the subsidiary entities and in the name of the Corporation and of the subsidiary entities solely for the limited purposes and limited period of time authorized herein.

The Corporation and the subsidiary entities, having taken all necessary steps to authorize the foregoing, hereby grant Anusha Putty and Judith Argao the limited power to execute the documents necessary to change the Corporation's and the subsidiary entities' registered agent and registered office to CT Corporation or an agent thereof, or the agent and office of similar import, in any state (the "Change of Agent Process"). The Power of Attorney is granted only for the Change of Agent Process and for no other purpose.

In the execution of any documents necessary for the purposes set forth herein, Anusha Putty shall exercise the power of Vice President and Judith Argao shall exercise the power of Secretary.

This Power of Attorney expires automatically when the Change of Agent Process has been completed or when such Power of Attorney is revoked by Erica Stoecker.

**IN WITNESS WHEREOF** the undersigned has executed this Power of Attorney on this _14th_ day of January 2005.


_Ms. Erica Stoecker_
General Counsel

Subscribed and sworn to before me this _14th_ day of January, 2005

_Kimberly A. Hartley_

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DILORENZO,
                    Plaintiff,

            v.                                    Civil Action No. 1:07-cv-00144-RJL

NORTON, et al.,
                    Defendants.


**[PROPOSED] ORDER**


On this day, the Court considered Defendants' Motion for Judicial Notice in Support of

Motion to Dismiss.  The motion is GRANTED.

Accordingly, the Court hereby takes judicial notice of the following facts:

(1)     ePlus inc.'s ("ePlus's") Director Eric D. Hovde joined the Board of Directors on
        November 20, 2006.

(2)     ePlus's Director Irving R. Beimler joined the Board of Directors on November 20,
        2006.

(3)     ePlus's Certificate of Incorporation contains the following provision:

No person shall be personally liable to the Corporation or its stockholders for
monetary damages for breach of fiduciary duty as a director; provided, however,
that the foregoing shall not eliminate or limit the liability of a director (i) for any
breach of the director's duty of loyalty to the Corporation or its stockholders, (ii)
for acts or omissions not in good faith or which involve intentional misconduct or
a knowing violation of law, (iii) under Section 174 of the Delaware General
Corporation Law, or (iv) for any transaction from which the director derived an
improper personal benefit.

Defendants may raise these judicially noticed facts in a motion to dismiss under Rule

12(b)(6) of the Federal Rules of Civil procedure without converting that motion into a motion for

summary judgment.

SO ORDERED on _____, 2007.


_____
RICHARD J. LEON
United States District Judge